JOHN F. MANAHAN *vs.* JOHN VARNUM.

An assignment from the trustees of a voluntary loan fund association, of a mortgage held by them, passes the legal title, in the absence of evidence that their power of alienation is restrained by the by-laws of the association.

Upon a writ of entry to foreclose a mortgage made to secure a usurious contract, the plaintiff is entitled to conditional judgment if the legal penalties for usury will not exhaust the whole debt.

The organization of a voluntary loan fund association into a corporation under *St.* 1854, *c.* 454, does not transfer their property to the corporation without a formal conveyance.

WRIT OF ENTRY to foreclose a mortgage of land in Dracut, made on the 23d of January 1854, to the trustees of the Merrimack Mutual Loan Fund Association, which was not then incorporated, and by them assigned to the plaintiff on the 19th of May 1856. Pleas, nul disseisin ; that the bond secured by th mortgage was usurious; that the assignment was unauthorized and void ; and that the plaintiff could not maintain this action.

At the trial in the court of common pleas, before *Morris,* J., the defendant offered to prove that under the bond more than a legal rate of interest had been reserved and taken ; that the usury and the forfeiture of threefold its amount would not be

sufficient to cancel, but only to reduce, the amount due upon the bond and mortgage ; that after the mortgage was given and before the assignment to the plaintiff the association was organized as a corporation under the *St.* of 1854, *c.* 454; and that there was no express vote, act, or authority from the association or corporation, authorizing the trustees to transfer the mortgage to the plaintiff, other than resulted from their being trustees as aforesaid. But the judge ruled that such evidence would not constitute a defence. A verdict was taken for the plaintiff, and the defendant alleged exceptions.

*A. R. Brown,* for the defendant.

*B. F. Butler,* for the plaintiff.

BY THE COURT. The mortgage, being originally made to the trustees of the Merrimack Mutual Loan Fund Association, vested the legal estate in the trustees. No evidence was offered that the by-laws imposed any restraint upon alienation, which would prevent the trustees from transferring a legal title to the mortgage. The plaintiff showed a valid assignment which vests the legal title in him.

There being something still due on the mortgage, after deducting the forfeitures for usury, if usury was taken, the party was still entitled to judgment, and the amount of the conditional judgment will be settled hereafter.

There is nothing in the *St.* of 1854, *c.* 454, which transfers the title of a voluntary loan fund association to a corporation formed under that statute, without a legal, formal conveyance or assignment. *Holland* v. *Cruft,* 3 Gray, 173.

*Exceptions overruled.*